United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY T. COLE, | No. C 15-1259 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENIAL OF APPOINTMENT OF COUNSEL** |
| v. | |
| WARDEN W. MUNIZ; JEFFREY BEARD; KIPP DAVIS; JULIE SOUSA; J. DUNLAP; DR. KUMAR; | (Dkt. 2) |
| Defendants. | |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S C. 1983 filed by a California prisoner proceeding pro se. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** without prejudice.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that prison officials have attached an "R suffix" to his name designating him as in need of protective custody because of a past sex offense. He claims not to have a sex offense conviction, and he seeks to have the suffix removed and to be transferred to federal custody or house arrest in order to improve the conditions of his confinement.

The classification of an inmate as a sex offender may be the type of atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life that the Supreme Court held created a protected liberty interest in *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997). Under these circumstances, inmates are entitled to procedural due process before being classified as sex offenders. *Id.* at 830-31 (inmates entitled to procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), including notice of reasons for classification as sex offender and a hearing at which the inmate

may call witnesses and present documentary evidence in his defense).  An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections of due process.  *Id.* at 831.  Plaintiff alleges, however, that he has not been convicted of a sex crime.

While plaintiff's allegations, when liberally construed, raise the possibility of a due process violation, plaintiff has not alleged how any of the defendants caused him to have an "R" suffix.  He has not alleged any action or omission by any of the defendants that led to his obtaining or keeping the suffix.  He is required to allege actions or omissions by individual defendants that proximately caused the alleged constitutional violation.  He will be granted leave to amend to allege how each named defendant committed an act, or failed to act, that caused him to obtain or keep the "R" suffix.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed.  The amended complaint must include the caption used in this order and the civil case number C 15-1259 WHA (PR) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address."  Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned.  Plaintiff must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The motions for "appointment" of counsel (dkt. 3, 5) are **DENIED** because there is no right to counsel in a civil case and this case presents no extraordinary circumstances at this

3

stage that warrant such an appointment.

IT IS SO ORDERED.

Dated: April  7  , 2015.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE