IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY T. COLE,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN W. MUNIZ; JEFFREY BEARD; KIPP DAVIS; JULIE SOUSA; J. DUNLAP; DR. KUMAR;<br><br>  Defendants. | No. C 15-1259 WHA (PR)<br><br>**ORDER OF DISMISSAL; ON PENDING MOTIONS**<br><br>(Dkt. 10, 12, 15-18) |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S C. 1983 filed by a California prisoner proceeding pro se. The complaint was dismissed with leave to amend. He filed an amended complaint. For the reasons discussed below, the amended complaint is **DISMISSED**. In addition, plaintiff filed a number of motions which are all addressed below.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

In his original complaint, plaintiff alleged that prison officials attached an "R suffix" to his name designating him as in need of protective custody because of a past sex offense. He claimed not to have a sex offense conviction, and he sought to have the suffix removed. The complaint was dismissed with leave to amend to allege how any of the named defendants caused him to have an "R" suffix.

In his amended complaint, plaintiff alleges that the "R" suffix was attached in 2001 by officials at High Desert State Prison. Those officials are not named as defendants in this case, and in any event the proper venue for claims against officials at High Desert is the Eastern District of California, not this district. *See* 28 U.S.C. §§ 84, 1391. Plaintiff may sue High Dessert officials in the Eastern District for improperly assigning his "R" suffix.

2

The defendants named in the amended complaint are the Warden of Salinas Valley State Prison, the prosecutor and defense counsel at his criminal trial, the Director of the California Department of Corrections and Rehabilitation, a Commissioner of the California Board of Parole Hearings, a parole officer, and several doctors. The amended complaint does not allege how any of these defendants participated in attaching an "R" suffix to his name or misclassifying him as a sex offender. As the amended complaint does not cure the deficiencies in the original complaint, the claims against the defendants named in this case will be dismissed.

The amended complaint includes additional allegations. Plaintiff alleges that there were errors in his 1995 revocation of parole, a detainer subsequently placed on him pending additional criminal charges, and his conviction in 2000 for second-degree bank robbery. Such claims would appear to be untimely, but if they are timely they must be brought in a habeas petition — not a civil rights action — because they challenge the fact or duration of his custody, not the conditions of his confinement. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011).

Plaintiff has filed motions regarding leave to proceed in forma pauperis, but as such leave has already been granted, these motions (dkt. 10, 12) are moot.

Plaintiff has filed two motions to further amend his complaint to add claims about medical care and other matters that occurred at Mule Creek State Prison. The proper venue for claims arising from Mule Creek is the Eastern District, not this district. Accordingly, the motions to amend (dkt. 17, 18 ) must also be denied.

Plaintiff has also filed motions for appointment of counsel to assist him in researching and pursuing claims for inadequate medical care. There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Section 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis, not the power to "appoint" counsel. 28 U.S.C. § 1915(e)(1). In any event, as the claims raised in this case are dismissed, these motions (dkt. 15, 16) are also denied.

## CONCLUSION

For the foregoing reasons, the case is **DISMISSED** without prejudice to bringing claims in a different action, as described above. The pending motions (dkt 10, 12, 15-18) are **DENIED**.

3

1   The clerk shall enter judgment and close the file.

2   IT IS SO ORDERED.

3   Dated: August    24    , 2015.

4   _____
    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE